IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JASMUN LEAH BASILONE, by and through her Mother and Next Friend, Ruth Alma Smith Basilone; and RUTH ALMA SMITH BASILONE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:07-cv-00819-JEO |
| DONALD GLASSBERG, as Executor of the Estate of William Hodges and the Trustee of the Ralph and William Hodges Virginia Tech Scholarship Foundation, | ) ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on the motion to remand filed by the plaintiffs, Jasmun Leah Basilone, by and through her Mother and next friend, Alma Ruth Smith Basilone, and Alma Ruth Smith Basilone[1] ("the plaintiffs"). (Doc. 3). Defendant Donald Glassberg ("Glassberg" or "the defendant") opposes the motion. (Doc. 5). The relevant issues have been briefed by the parties. (Doc. 3, 5 & 6). Upon consideration, the court finds that the motion to remand is due to be denied.

### I. BACKGROUND

This is a declaratory judgment action that originally was filed by the plaintiffs in the Circuit Court of Talladega County, Alabama, on April 16, 2007, pursuant to ALABAMA CODE §

---

[1] Ruth Alma Smith Basilone is also referenced as Alma Ruth Smith Basilone in the various pleadings. For consistency, she will be referred to as Ruth Basilone herein.

6-6-220, *et seq*. (Notice of Removal ("Notice") at p. 8).[2] The plaintiffs seek "a declaration of the rights, status, and legal relations" of the parties with regard to the house and land located at 203 West Coosa Street, Sylacauga, Alabama. *Id*. at p. 15.

According to the State court complaint, Ruth Basilone was married in 1964 to William Hodges. *Id*. at p. 12, ¶ 18.a. They were divorced in 1970. *Id*. Twenty-one years after their divorce (1991), Hodges opened IRA "rollover" accounts at various financial institutions funded with assets from his previous employer's retirement plan. *Id*. at ¶ 18.b. Ruth Basilone was designated as the sole beneficiary on the accounts. *Id*. at ¶ 18.c. Hodges died on December 31, 2000, from pancreatic cancer. *Id*. at ¶ 18.d. The accounts were valued at approximately $988,000.00 at that time. *Id*.

About two weeks before his death, Hodges' will and trust, which were prepared by defendant Glassberg, were executed. Glassberg was named as the executor of the will and successor trustee of the trust. *Id*. at ¶ 18.e. The will was admitted to Probate in Illinois on January 12, 2001. *Id*. at ¶ 18.f.

On February 2, 2001, Glassberg wrote Ruth Basilone stating in part that "[t]he focus of Bill's estate plan was to accomplish the following objectives: '[M]ake sure that you had funds to provide for yourself and for the education of Jasmine (sic).'"[3] *Id*. at ¶ 18.g. He also "identified a substantial portion of Hodges' assets as the IRA accounts, listing nine (9) accounts where Ruth Basilone was the beneficiary, with a December, 2000, market value of $1,346,647.37." *Id*. at ¶

---

[2] The Notice is located at document 1 in the record of the Clerk of the Court. The enumerated page numbers refer to the numbers at the top of the electronically filed document.

[3] According to the plaintiffs, although "other objectives were also identified" in the estate plan, "the quoted objective was first on the list." *Id*. at ¶ 18.g.

18.h.  He further stated that he "would like [her] to **consider** disclaiming (giving-up) [her] interest in the last five accounts on the list (Janus, Dreyfus, Vanguard, T. Rowe Price, and Gabelli)."  *Id*. at p. 13, ¶ 18.i. (bold in original complaint).  According to Glassberg, the accounts totaled approximately $583,000.00.  *Id*.

Ruth Basilone claimed the proceeds in or about March 2001 following Hodges' death.  *Id*. at ¶ 18.j.  On July 10, 2001, she purchased the house and real estate at issue in this action.  *Id*. at ¶ 18.k.  The deed for the property named "Ruth and Jasmun Basilone as joint tenants with right of survivorship."  *Id*.

One year after Hodges' death, "Glassberg filed a Petition in the Hodges' Estate seeking to retroactively change the beneficiary on the IRA accounts to Hodges' estate or Trust, naming Ruth Basilone as Respondent."  *Id*. at ¶ 18.l.  In July 2004, "the Illinois court 'found' as a factual matter that Hodges 'intended' to change the beneficiary on the IRA accounts from Ruth Basilone to the Trust . . . and that Hodges' orally expressed 'intention' overrode the written IRA account beneficiary designations Hodges had made nine (9) years before his death."  *Id*. at ¶ 18.m.  The court concluded that the accounts "were due to be changed over to the Trust."  *Id*.

Glassberg filed an action in Talladega County Circuit Court seeking enforcement of the Illinois judgment against Ruth Basilone and the property at 203 West Coosa Street.  Ruth Basilone objected to the judgment being domesticated, challenging the Illinois court's assertion of *in personam* jurisdiction over her.  *Id*. at ¶ 6.  She filed a motion pursuant to ALABAMA RULE OF CIVIL PROCEDURE 60(b)(4) to vacate the judgment and seeking a stay of execution of the same.  *Id*.  The court initially stayed execution of the judgment, but on August 29, 2005, it set aside the stay.  *Id*. at ¶ 7.  The court next granted Glassberg's motion to dismiss the motion to

vacate on December 5, 2005.  *Id*. at ¶ 8.

On March 23, 2006, Ruth Basilone executed a quit claim deed for the property in favor of Jasmun Basilone.  *Id*. at ¶ 11.  Since June 1, 2006, Glassberg has not sought execution of the judgment via the state court proceeding.  *Id*. at ¶ 13.

On March 10, 2007, Glassberg filed a separate diversity action in this court against Ruth and Jasmun Basilone alleging that the July 10, 2001, and the March 23, 2006, transactions were fraudulent.[4]  *Id*. at ¶¶ 16-17.  That matter is pending before United States District Judge Karon O. Bowdre.  He seeks a "judgment levy and execution orders, and a foreclosure sale order" concerning the 203 West Coosa Street property.  *Id*. at ¶ 26.  Defendants Ruth and Jasmun Basilone seek dismissal of the case on various grounds, including "*inter alia*, abstention, forum *non conveniens*, lack of subject matter jurisdiction, and procedural defects in the bringing of the action."  *Id*. at ¶ 27.  According to the Basilones, the quit claim deed destroyed the joint tenancy with right of survivorship, leaving them as tenants in common, meaning that each has an undivided one-half interest in the entire property.  (Doc. 3 at p. 8).

In this declaratory judgment action, the plaintiffs seek, among other things, a declaration of their rights, status, and legal relationship to the real property, as well as a declaration of Glassberg's rights, status, and legal relationship to the real property.  (Notice at p. 15).  The plaintiffs filed their action for declaratory judgment on April 16, 2007.  At the time of removal, the defendant had not yet been served; however, he waived service in the notice of removal.  *Id*. at p. 1.  The notice of removal was premised on diversity jurisdiction.  *See* 28 U.S.C. §§ 1332(a),

---

[4]*Donald Glassberg v. Alma Ruth Smith Basilone, et al*., 1:07-cv-00444-KOB.  The amount in controversy is in dispute in that case as well.

1441(a). Included in the notice are various documents, including the State court record (Ex. 1), the complaint in Judge Bowdre's case (Ex. 2), the July 10, 2001 deed (Ex. 3), the tax assessment for the property (Ex. 4), and the declaration of real estate broker and certified real estate appraiser Bill Pharr (Ex. 5).[5]

The plaintiffs moved to remand this action on May 20, 2007. (Doc. 3). They assert that this court is without jurisdiction because the removal documents fail to prove a controversy in an amount in excess of $75,000.00. (*Id*. at p. 1). The defendant asserts that the amount in controversy is Ruth Basilone's interest in the subject property, which exceeds the jurisdictional requirement. (Doc. 5 at p. 3).

## REMAND STANDARD

The applicable standard for reviewing a motion to remand is well-established:

> Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1096 (11th Cir. 1994); *see also St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938). A federal district court may assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000, [ ] exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system. 28 U.S.C. § 1441 [ ]; *Burns*, 31 F.3d at 1095.
>
> Because removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941). All doubts about federal court jurisdiction must be resolved in favor of a remand to state court. *Burns*, 31 F.3d at 1095 (holding that "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). . . .

*Seroyer v. Pfizer, Inc.*, 991 F. Supp. 1308, 1312 (M.D. Ala. 1997) (footnotes omitted). *Accord,*

---

[5] The tax assessment is located at page 41 and Pharr's declaration is located at pages 42-47.

*Jeffcoat v. American General Life & Acc. Ins. Co.*, 2001 WL 611196, *1 (M.D. Ala. May 16, 2001).  "When declaratory relief is sought, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mutual Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805 (11th Cir. 2003).  The Eleventh Circuit Court of Appeals has stated:

> Although a diversity suit should not be dismissed unless "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]," *see St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938), this liberal standard for jurisdictional pleading is not a license for conjecture.  In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction, or as the Supreme Court has put it, to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Snyder*, 394 U.S. at 340, 89 S. Ct. at 1059 (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S. Ct. 700, 703, 78 L. Ed. 1248 (1934)).

*Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000).  The Eleventh Circuit recently has also stated:

> We have held that, in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See Tapscott v. MS Dealer Serv. Corp*., 77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts), overruled on other grounds, *Cohen v. Office Depot, Inc*., 204 F.3d 1069, 1072 (11th Cir. 2000); *see also Abrego Abrego*, 443 F.3d at 683 ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met.").  Specifically, the removing defendant must establish the amount in controversy by "[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." Black's Law Dictionary 1220 (8th ed. 2004).

*Lowery v. Alabama Power Company*, 483 F.3d 1184, 1208-09 (11th Cir. 2007).  The *Lowery*

court further held that in considering whether removal was proper, the lower court is limited to considering the removing documents. *Id*. at 1213-14 & n.66. In discussing what the court may consider, the Eleventh Circuit stated that the removal court is to consider "the document received by the defendant from the plaintiff – be it the initial complaint or a later received paper – and determine[ ] whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id*. at 1213. In a footnote, the court further provided, in pertinent part:

> As we have noted, a removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith. We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us - where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice - without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of the plaintiff's claims. *See St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288, 290, 58 S. Ct. 586, 590-91, 82 L. Ed. 845 (1938) (observing that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith," and that "[the plaintiff] knows or should know whether his claim is within the statutory requirement as to amount").
>
> To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of information in an "other paper." *See* § 1446(b). This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, like the case before us, the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.

*Id*. at 1213 n.63.[6]

---

[6] A little later in the opinion, the court notes that "there are some exceptions to the rule that the court is limited to considering the removing documents." *Id*. at 1214 n.66. Those are not argued in this instance.

**DISCUSSION**

In support of the contention that the amount in controversy exceeds the jurisdictional amount, the defendants cite to the tax assessment and the declaration of Bill Pharr. (Doc. 5 at 3 & 7). The first issue is whether the court can consider these documents in determining the jurisdictional amount. The plaintiffs initially assert that the court cannot consider the tax assessment because it is not in the proper form. (Doc. 6-1 at p. 5). Specifically they state that it is not properly "authenticated or submitted as part of a competent [a]ffidavit." *Id*. In support of this contention, the plaintiffs' cite *Sierminski v. Transouth Financial Corp*., 216 F.3d 945, 949 (11th Cir. 2000).

In *Sierminski*, the court stated:

> While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen*[ *v. R&H Oil Co*., 63 F.3d 1326 (5th Cir. 1995)], that "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Allen*, 63 F.3d at 1335.

*Id.* at 949. As articulated by the plaintiffs, the *Sierminski* court did note that in determining the amount in controversy, the court "may 'require the parties to submit summary-judgment-type evidence." *Id*., 216 F.3d at 949. It also noted that the court could rely upon post-removal answers to interrogatories. *Id*. (citing *Harmon v. OKI Sys*., 115 F.3d 477 (7th Cir. 1997)).

Assuming for the sake of argument that this court is prevented from considering the tax notice because of the manner in which it was presented, nothing in *Sierminski* precludes the court

from considering the Pharr declaration.  To the contrary, it appears to be proper evidence and is relied upon by the plaintiffs.  It is a document advanced by the plaintiffs, it is a declaration made under penalty of perjury, and it was submitted as part of a public filing in the case before Judge Bowdre.  (Notice at p. 42).  The court finds that this document is "an 'other paper'" that may be considered by the court in determining whether the defendant has established the jurisdictional amount.  *Lowery*, 483 F.3d at 1213 n.63.  Although this document was prepared for and served on Glassberg in another proceeding, it still originated with the plaintiffs.  The court, therefore, finds that it should be considered in determining the amount in controversy in this action.

Pharr asserts that Ruth Basilone paid $275,000.00 for the property in 2001.[7]  (Pharr Dec. at ¶ 5).  It was deeded to Ruth and Jasmun Basilone.  (*Id*. at ¶ 6).  Thereafter, Ruth Basilone's interest in the property was transferred via the quit claim deed to Jasmun Basilone.  Premised on these facts and additional assumptions and legal assertions, Pharr concludes that Ruth Basilone's interest in the property does not exceed $75,000.00.[8]  (*Id*. at ¶ 11).

A final determination of what specific interest the parties have in the property is not the court's current task.  However, to determine whether the jurisdictional minimum required for diversity purposes has been met, the court must undertake some evaluation of the subject property by examining the foregoing, allowable evidence and the applicable property laws which

---

[7] The declaration also asserts that the deed transferring the property to Ruth and Jasmun Basilone is attached as an exhibit.  However, the deed is not included as an "attachment" to the declaration.  *Id*. at ¶ 6.  Although it is attached to the "Notice of Removal" elsewhere, the court has not relied upon the document because there is no evidence that it was provided to the defendant by the plaintiff.  Similarly, the court has not considered the "Tax Return of Real Property - Talladega, Alabama" because the record does not indicate where it came from.  These documents, however, do tend to demonstrate the defendant's investigation of the matter before seeking to remove the case from State court.

[8] Specifically, Pharr states that if Glassberg's judgment against Ruth Basilone is a valid lien on the property and assuming that Ruth and Jasmun Basilone each own an undivided one half interest in the property, the marketability of the property is affected to such an extent that "Ruth Basilone's one-half (½) undivided (tenancy in common) interest" does not exceed $75,000.00.  (*Id*. at ¶¶ 9-11)

govern any division of the relevant property.

The defendant notes that in view of the fact that a tenant in common has an absolute right to force a sale of property when division of the same is impossible, "[i]t defies logic" that the controversy at issue in this case is less than $75,000.00.  (Doc. 5 at p. 7 (citing *Sockwell v. Hyde*, 503 So. 2d 817, 818 (Ala. 1986) ("Partition of land at the instance of any adult tenant in common is a matter of right.  If the land is not capable of an equitable division in kind, a sale for division is a matter of right, without regard to the interest of other tenants in common."))).  Although the plaintiffs contest the defendant's legal position regarding division of the property and the ultimate value of same at a sale,[9] what is absolutely clear at this juncture to the undersigned is the fact that the amount in controversy exceeds $75,000.00.  The court need not definitively determine whether Ruth Basilone could actually sell the property for that amount or what encumbrances might reduce the value of her interest in the property.

Given Pharr's declaration concerning the sale price of the house in 2001, which the plaintiffs do not dispute, the court finds that the controversy regarding Ruth Basilone's interest in the house exceeds the jurisdictional minimum.  Although the Basilones focus on what Glassberg would have to go through to get any money out of the property, the court finds that such an exercise is beyond the jurisdictional question presented at this juncture.  Finally, although Pharr ultimately values Ruth Basilone's interest in the property at less than $75,000.00, that determination is not dispositive at this juncture.  It merely demonstrates the controversy in this case.

---

[9]*See* document 6-1 at p. 10.

## CONCLUSION

Premised on the foregoing, the plaintiff's motion to remand is due to be denied. An appropriate order will be entered.

**DONE,** this the 24th day of August, 2007.

_____
**JOHN E. OTT**
United States Magistrate Judge